**Rahn D. JACKSON, Plaintiff—Appellant,**

v.

**MICROSOFT CORPORATION, Defendant—Appellee.**

No. 02–35326.

D.C. No. CV–01–00775–MJP.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 3, 2003.

Decided Oct. 16, 2003.

Michael C. Subit, Frank, Freed, Sublit & Thomas LLP, Seattle, WA, for Plaintiff–Appellant.

Neal D. Mollen, Barbara B Brown, Paul, Hastings, Janofsky & Walker, Washington, DC, Kirk A. Dublin, Preston Gates & Ellis LLP, Seattle, WA, Richard H. Sauer, Microsoft Corp, Redmond, WA, Neal M. Janey, William Murphy & Associates, Baltimore, MD, Donna M. Mezias, Preston Gates and Ellis, LLP, Patricia Berry, Paul, Hastings, Janofsky & Walker, LLP, San Francisco, CA, Nancy L. Abell, Paul, Has-

tings, Janofsky & Walker, LLP, Los Angeles, CA, for Defendant–Appellee.

Before LAY,* FERGUSON, and GOULD, Circuit Judges.

### MEMORANDUM**

We AFFIRM the District Court's decision granting a motion to dismiss, with prejudice, a race discrimination claim brought by Appellant Rahn D. Jackson ("Jackson") against Microsoft Corporation ("Microsoft"). We have jurisdiction under 28 U.S.C. § 1291. Because the parties are familiar with the facts and procedural history, they are not recited here except as necessary to explain our analysis.

A court's imposition of sanctions pursuant to its inherent powers is reviewed for abuse of discretion. *See Chambers v. NASCO, Inc.,* 501 U.S. 32, 55, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). In particular, "[i]mposition of dismissal as a sanction is reviewed for abuse of discretion. Factual findings upon which the district court relied are reviewed for clear error." *United States ex rel. Lujan v. Hughes Aircraft Co.,* 67 F.3d 242, 247 (9th Cir.1995) (internal citation omitted).

In granting the motion to dismiss, the District Court considered, among other factors, willfulness and bad faith, the efficacy of lesser sanctions, and prejudice. *See Anheuser–Busch, Inc. v. Natural Beverage Distribs.,* 69 F.3d 337, 348 (9th Cir. 1995) (listing factors in the test for imposing sanctions under Rule 37 of the Federal Rules of Civil Procedure). "The list of factors amounts to a way for a district judge to think about what to do, not a series of conditions precedent before the judge can do anything . . . ." *Valley*

*Eng'rs., Inc. v. Elec. Eng'g Co.,* 158 F.3d 1051, 1057 (9th Cir.1998). Jackson's actions were willful and in bad faith because he was involved in theft, lied in his testimony, and was generally deceptive throughout the proceedings leading up to the dismissal.

Lesser sanctions would be ineffective because Jackson's deception and misconduct occurred throughout his deposition and the first and second evidentiary hearings. Further, warning Jackson of the possibility of dismissal would be inadequate because Jackson had received and reviewed privileged information. Microsoft would be unfairly prejudiced were the case to go forward. We are thus satisfied that the District Court did not make a clear error of judgment and therefore did not abuse its discretion.

Additionally, Jackson contends that the District Court violated due process by dismissing Jackson's race discrimination claims with prejudice as a sanction for "deceptive misconduct" unrelated to the merits of his case. To satisfy due process concerns, a District Court cannot sanction a party through dismissal of an action unless "there exist[s] a relationship between the sanctioned party's misconduct and the matters in controversy such that the transgression 'threatens to interfere with the rightful decision of the case.'" *Anheuser–Busch,* 69 F.3d at 348 (citing *Wyle v. R.J. Reynolds Indus., Inc.,* 709 F.2d 585, 591 (9th Cir.1983)). The District Court found that Jackson's deceptive acts and fraudulent testimony related to and would affect matters in controversy because his testimony was crucial to the underlying race discrimination claim. Jack-

---

* Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

son has not presented sufficient evidence to compel disturbing the judgment of the District Court.

Lastly, the District Court did not penalize Jackson for invoking his right against self-incrimination. Courts are free to draw adverse inferences from a party's invocation of the 5th Amendment right against self-incrimination in civil cases. *SEC v. Colello,* 139 F.3d 674, 677 (9th Cir.1998).

AFFIRMED.